**UNITED STATES of America,**

v.

**Adrian BLUNT, Defendant.**

**No. 4:07cr124.**

United States District Court,
E.D. Virginia,
Newport News Division.

March 27, 2008.

---

Robert Edward Bradenham, II, United States Attorney's Office, Newport News, VA, for Plaintiff.

### MEMORANDUM ORDER

REBECCA BEACH SMITH, District Judge.

On October 9, 2007, defendant Adrian Blunt ("defendant") pled guilty to counts one and two of an eight-count indictment. On October 29, 2007, the court adopted the Magistrate Judge's Report and Recommendation and adjudged defendant guilty of counts one and two. Count two charges defendant with the use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). The factual basis supporting defendant's conviction for count two, according to the agreed Statement of Facts, filed October 9, 2007, is that defendant distributed approximately one pound of marijuana and received two firearms as payment for the marijuana. (Statement of Facts ¶¶ 1, 2.)

Subsequently, on December 10, 2007, the United States Supreme Court issued an opinion in *Watson v. United States,* — U.S. ——, 128 S.Ct. 579, 586, 169 L.Ed.2d 472 (2007), in which the court held "that a person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs." This court held a hearing on March 4, 2008, to determine whether defendant's plea of guilty to count two of the indictment was supported by an adequate factual basis, in light of *Watson. See* Fed. R.Crim.P. 11(b)(3); *United States v. Ventura–Cruel,* 356 F.3d 55, 60 (1st Cir.2003) (noting that Rule 11 provides the district court with continuing authority to determine whether there is an adequate factual basis to support a plea of guilty).

### I. Discussion

The United States argues that defendant's conviction is still valid because his case is distinguishable from *Watson.* In *Watson,* the defendant traded with an undercover agent, not an actual firearms trafficker. 128 S.Ct. at 582. In this case, defendant traded with an actual firearms trafficker. (Statement of Facts ¶ 2.) Therefore, in this case, the firearms trafficker, with whom defendant traded, is guilty of a § 924(c) offense, *Smith v. United States,* 508 U.S. 223, 241, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993); the government then asserts that, as the person who facilitated the trade, defendant can be convicted as an aider and abetter and can be punished as the principal. *See* 18 U.S.C. § 2. Although the court understands the logic of the government's argument, the court notes that the Supreme Court, in deciding *Watson,* did not make such a distinction between an actual firearms trafficker and an undercover agent. Specifically, the Court "granted certiorari to resolve a conflict among the Circuits," *Watson,* 128 S.Ct. at 582, and in so doing, abrogated cases involving both undercover agents and those involving actual firearms traffickers as the persons supplying the firearms, without distinguishing between those two types of cases. *See id.* at 582 n. 5 (abrogating *United States v. Sumler,* 294 F.3d 579 (3d Cir.2002) (transaction involving actual firearms trafficker); *United States v. Ulloa,* 94 F.3d 949 (5th Cir.1996) (transaction between defendant and undercover officer); *United States v. Cannon,* 88 F.3d 1495 (8th Cir.1996) (transaction

between defendant and government agents)).

Finally, the government relies on *United States v. Westmoreland*, 122 F.3d 431, 436 n. 1 (7th Cir.1997), to support the proposition that *Watson* is distinguishable from this case and that defendant can be convicted for aiding and abetting a § 924(c) violation.[1] However, the Supreme Court cited *Westmoreland* to show that there was a split in the circuits over the proper meaning of the word "use" in a § 924(c) conviction, *Watson*, 128 S.Ct. at 582 n. 5, but the Court never mentioned aiding and abetting liability as an exception to its holding.[2] In light of the clear holding of the Supreme Court in *Watson*, and in the absence of any Fourth Circuit precedent on the issue,[3] the court will not allow the government to secure a conviction that would, in effect, restrict the *Watson* decision to cases involving undercover agents, when the Supreme Court made no such restriction on its holding. *See Watson*, 128 S.Ct. at 586.

## II. Conclusion

The court finds that *Watson* is controlling in this case, and hereby **VACATES**

defendant's plea of guilty to count two of the indictment. Because the plea agreement between the government and defendant is conditioned on defendant's plea of guilty to both counts one and two, the court will allow each party to reconsider the plea negotiations and resulting agreement. Each party must inform the court, within fourteen (14) days of the date of this Order, whether it wishes to proceed with sentencing on count one only, or whether it wishes the court to vacate the entire plea agreement and to reenter defendant's not guilty plea to all counts of the indictment.

The Clerk shall forward a copy of this Memorandum Order to counsel for the parties.

**IT IS SO ORDERED.**

1. In *Westmoreland,* the Seventh Circuit held that a defendant does not "use" a firearm within the meaning of § 924(c) when he receives it in trade for drugs. 122 F.3d at 435. The transaction at issue in *Westmoreland,* like in *Watson,* involved a defendant trading with an undercover officer. In making its ruling, the Seventh Circuit noted, "[w]e might well have a different case had the transaction occurred between two defendants instead of between a government agent and a defendant. In that case, the government could conceivably charge the party receiving the gun with aiding and abetting the party supplying it ... But we need not decide the effect of those factors today...." 122 F.3d at 436 n.1.

2. Nor did *Watson* contain similar language to that found in *Westmoreland,* 122 F.3d at 436 n. 1, even though the trade in *Watson* also

involved an undercover agent. *See supra* note 1.

3. The Fourth Circuit has not ruled, since *Watson* was decided, on the validity of a § 924(c) conviction premised on aiding and abetting liability, such as the government proposes in this case. In *United States v. Harris,* 39 F.3d 1262, 1269 (4th Cir.1994), the court held that a defendant "used" a firearm where he gave cocaine base to a co-defendant in exchange for assistance in obtaining a gun. Subsequent decisions relied on *Harris* for the proposition that a defendant "uses" a firearm, for purposes of § 924(c), when he receives it in trade for drugs. *See, e.g., United States v. Belcher,* No. 98-4845, 1999 WL 1080103 (4th Cir., Nov. 29, 1999) (unpublished). However, the Supreme Court cited *Harris* in noting the split among the circuits on this issue. *See Watson,* 128 S.Ct. at 582 n. 5; *supra* at 665–66.